THE PEOPLE OF THE STATE OF NEW YORK ex rel. 1170 FIFTH AVENUE CORPORATION, Respondent, *v.* HENRY M. GOLDFOGLE et al., as Commissioners of Taxes and Assessments of the City of New York, Appellants.

(Argued October 15, 1930; decided November 18, 1930.)

*Arthur J. W. Hilly, Corporation Counsel (William H. King* and *Isaac Phillips* of counsel), for appellants. Section 889-a of the New York City Charter (L. 1913, ch. 324) was passed in violation of section 18 of article III of the Constitution of the State of New York. (*Matter of Church*, 92 N. Y. 1; *Arthur* v. *Glens Falls*, 66 Hun, 139; *Ferguson* v. *Ross*, 126 N. Y. 459; *People* v. *O'Brien*, 38

N. Y. 193; *People ex rel. Electric Lines* v. *Squire*, 107 N. Y. 593; 145 U. S. 175; *Matter of Wallace Ave.*, 222 N. Y. 139; *Kittinger* v. *Buffalo Traction Co.*, 160 N. Y. 377; *People* v. *Dunn*, 31 App. Div. 139; 157 N. Y. 528; *Sun Printing & Publishing Co.* v. *New York*, 152 N. Y. 257; *People* v. *Prendergast*, 202 N. Y. 188; *People* v. *Warden, etc.*, 81 Hun, 434; *Treanor* v. *Eichorn*, 74 Hun, 58.) As the invalidity appears upon the face of the statute, there being no ambiguity or question as to inter-pretation, the doctrine of practical construction is not applicable and it is immaterial that the subject of uncon-stitutionality has not heretofore been raised. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Purdy*, 216 N. Y. 704; *People ex rel. Gleason* v. *Purdy*, 179 App. Div. 232; *People ex rel. Shelton* v. *Goldfogle*, 220 App. Div. 451; *People ex rel. Clark Henry Corp.* v. *Goldfogle*, 204 App. Div. 710; *Hermitage Co.* v. *Goldfogle*, 204 App. Div. 710.)

*Kalman Sklar, Thomas I. Sheridan* and *Charles A. Winter* for respondent. Section 889-a of the New York City Charter (L. 1913, ch. 324) is not a local law within the intent and interpretation of section 18 of article III of the New York Constitution. (*Ferguson* v. *Ross*, 126 N. Y. 459; *Williams* v. *People*, 24 N. Y. 405; *Hermitage Co.* v. *Goldfogle*, 204 App. Div. 710; *People ex rel. Clancey* v. *Supervisors*, 139 N. Y. 524; *Admiral Realty Co.* v. *City of New York*, 206 N. Y. 100; *Matter of McAneny* v. *Bd. of Estimate*, 232 N. Y. 373.) Section 889-a does not in itself grant an exemption from taxation nor is it a grant of any exclusive privilege or immunity whatever. (*People ex rel. Strong* v. *Hart*, 216 N. Y. 513; *People ex rel. Metropolitan Street Ry. Co.* v. *Tax Commrs.*, 174 N. Y. 417; *State* v. *Smith*, 158 Ind. 543; *Matter of Union Ferry Co.*, 98 N. Y. 153.) The application of section 889-a having been acquiesced in for seventeen years with never a question as to its validity, imparts to the defendants' contention an academic character. (*People*

v. *Chicago, etc., R. Co.*, 256 Ill. 388; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Purdy*, 167 App. Div. 637; 216 N. Y. 704; *People ex rel. Gleason* v. *Purdy*, 179 App. Div. 233; *People ex rel. 176 West 87th Street Corp.* v. *Cantor*, 191 App. Div. 946; 230 N. Y. 312; *People ex rel. Shelton H. Corp.* v. *Goldfogle*, 220 App. Div. 451; *People ex rel. Clark Henry Corp.* v. *Goldfogle*, 226 App. Div. 767; 252 N. Y. 581.)

*Per Curiam.* Relator owns land and a building erected thereon. The building was commenced subsequent to October 1, 1925, but was not completed and ready for occupancy on October 1, 1926, the date which fixed its taxable status for the year 1927. The land unimproved was assessed for the year 1927 at $397,000 and with improvements thereon at $1,300,000. The Special Term reduced the assessment to the value of the unimproved land. Unless section 889-a of the Greater New York Charter is unconstitutional, the reduction is proper. This section, as enacted by chapter 324 of the Laws of 1913, provides: "A building in course of construction, commenced since the preceding first day of October and not ready for occupancy, shall not be assessed."

We think the proposition very plain that the statute does not offend the prohibition of article III, section 18, of the Constitution. That section is aimed primarily if not exclusively at legislation attempting to grant to some specified " person, association, firm or corporation " an exemption from taxation. It is not intended to prevent in every instance the enactment of laws which the Legislature deems salutary and which apply to all property of the same class in a defined territory. Section 889-a is likewise harmonious with the provisions of article VIII, section 10. By failing to assess a certain class of property the city does not give its money or property or loan its money or credit to or in aid of individuals, associations or corporations. It neither gives nor loans anything.

This statute has been on the books for seventeen years, has been interpreted by the courts on many occasions and never before has its validity been assailed. These facts are not conclusive but are to some extent significant.

The order should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.